T.C. Summary Opinion 2002-91

UNITED STATES TAX COURT

SONJA AND DAVID BROWN, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11395-01S.                    Filed July 16, 2002.

Sonja and David Brown, pro se.

Douglas S. Polsky, for respondent.


COUVILLION, Special Trial Judge:  This case was heard pursuant to section 7463 of the Internal Revenue Code in effect at the time the petition was filed.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

_____

[1]  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the years at issue.

Respondent determined deficiencies of $5,137 and $3,080 in petitioners' Federal income taxes, respectively, for 1999 and 2000; an addition to tax for 1999 in the amount of $35 under section 6651(a)(1); and penalties under section 6662(a) in the amounts of $1,027 and $616 for 1999 and 2000, respectively.

Some of the facts were stipulated, and those facts, with the annexed exhibits, are so found and are incorporated herein by reference. At the time the petition was filed, petitioners' legal residence was Albuquerque, New Mexico.

The issues for decision are: (1) Whether petitioners are entitled to itemized deductions for charitable contributions and unreimbursed employee business expenses, and (2) whether petitioners are liable for the accuracy-related penalties under section 6662(a). In addition, the Court considers the applicability of section 6673(a) to the facts of this case.[2]

Petitioners were both employed during the 2 years in question. Mr. Brown (petitioner) was employed by a furniture rental company, and Mrs. Brown was employed by the Department of Veterans Affairs, an agency of the United States. They reported

---

[2] Respondent determined that petitioners failed to include in income, for 1999, $14 in interest reported by a bank in which petitioners had an interest-bearing account. Petitioners conceded this adjustment at trial. The sec. 6651(a)(1) addition to tax for 1999 was also conceded by petitioners at trial.

combined wages of $75,905 and $81,855, respectively, for 1999 and 2000.

Prior to the years at issue, petitioners' Federal income tax returns were prepared by a commercial tax preparation service. For the 2 years in question, however, petitioners' returns were prepared by Robin Beltran upon the recommendation of several of petitioners' friends.[3] Petitioners had never previously claimed itemized deductions on their Federal income tax returns. For each year in question, Mr. Beltran advised petitioners that no documentation was necessary to substantiate their claimed itemized deductions. The itemized deductions claimed on the returns were arbitrarily determined by Mr. Beltran.

For each of the years in question, petitioners claimed itemized deductions on a Schedule A, Itemized Deductions, of their Federal income tax return. For 1999, petitioners claimed itemized deductions totaling $27,702, of which $19,755 was disallowed by respondent. For 2000, petitioners deducted $27,892, of which $11,028 was disallowed by respondent. Petitioners, nevertheless, were allowed itemized deductions for both years, since the total of their other claimed and allowed deductions exceeded the standard deduction under section 63(c).

---

[3] The Court notes that this case is one of numerous cases heard by the Court involving tax returns prepared by Mr. Beltran, which essentially involve the same deductions at issue here.

For the 2 years at issue, the disallowed deductions consisted of charitable contributions, job expenses, and other miscellaneous deductions.

The disallowed deductions consisted of the following amounts claimed on petitioners' returns:

|  | 1999 |  | 2000 |  |
| --- | --- | --- | --- | --- |
| Charitable contributions |  |  |  |  |
| Cash | $5,744 |  | $3,900 |  |
| Noncash | 413 | $ 6,157 | 2,000 | $5,900 |
| Unreimbursed employee expenses* | 14,217 |  |  | 6,785 |
| Tax preparation fees* | 900 |  |  | -- |

*Before deduction of the sec. 67(a) limitation.

At trial, petitioners alleged that their actual charitable contributions for the 2 years in question approximated the amounts claimed on their returns; however, they admittedly included in these numbers the approximate value of gifts to members of their respective families and friends for birthdays, graduations, weddings, and holidays.  For 2000, the noncash gifts included a BMW vehicle that petitioners donated to their former minister, which they intended to be a gift to him personally and not a gift to his church.

The manner in which Mr. Beltran prepared petitioners' tax returns for the 2 years at issue was described by petitioner as follows:

When we sat down with our preparer * * *, he did his figuring, came up with these numbers. He came up with the number. We said, Now, will we need to provide documentation? He said, That's not necessary, based on -- and he pulled out * * * what looked like part of the Tax Code or something out of the tax book there or manual, and he showed us certain column, certain section, paragraph, whatever. It states right here that documentation's not necessary.

We said, Okay, that looks good to us. We didn't have anything to -- we didn't have any reason to doubt him, because before moving into our house in '99, we never claimed itemized deductions. We had nothing to go off of other than paying the IRS every year, going to H&R Block: Here you go; how much do we owe; fine.

Petitioners presented no documentary information at trial that would establish that they made any qualifying charitable contributions during the 2 years at issue.

Although petitioners claimed (and the Court has no reason to doubt their testimony) that they generously "gave" during the 2 years in question, the generosity to which their benevolence was intended included gifts to family and friends, such as for birthdays, weddings, and graduations, as opposed to donations to qualified organizations. Sec. 170(c). Such gifts are not deductible as charitable contributions under section 170(a) and (b). Moreover, the tax return for the year 2000, which included the donation of a BMW motor vehicle, did not include the IRS Form 8283, Noncash Charitable Contributions, which is required under section 1.170A-13(b)(3), Income Tax Regs., relating to deductions in excess of $500 for charitable contributions of property other

than money.  Moreover, the Court is satisfied from the record that the amounts deducted as charitable contributions on petitioners' returns were arbitrarily determined by the return preparer.  On this record, the Court sustains respondent on the disallowed charitable contribution deductions for 1999 and 2000.

The claimed deductions for unreimbursed employee business expenses related to the use of petitioner's personal vehicle in connection with his employment.  Petitioner never sought reimbursement for such expenses from his employer.  He did not maintain a log or other contemporaneous record documenting the use of his vehicle.[4]  The amounts claimed as deductions on the returns were also arbitrarily determined by the return preparer. The deductions cannot be allowed for the reason that, under section 274(d) and the regulations thereunder, vehicle expenses are subject to strict substantiation rules that require "adequate records" through either an account book, diary, statement of expense, or similar record, as well as documentary evidence to establish each element of an expenditure.  Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).  No records were presented at trial to substantiate these expenses; consequently, respondent is sustained on the

---

[4]     The Court notes that the $14,217 of unreimbursed employee expenses represented 45.5 percent of petitioner's wages for 1999.  The same category of expenses for 2000 represented 21.3 percent of his wages.

disallowance of the employee business expense deductions. All other expenses petitioners incurred that would be deductible as itemized deductions, such as, for example, the tax preparation fee for 1999, while allowable, would not exceed 2 percent of petitioners' adjusted gross income under section 67(a). Thus, none of the itemized deductions on Schedule A of petitioners' returns for job expenses and other miscellaneous deductions are deductible. Respondent, therefore, is sustained on this issue.

Petitioners contend they should be absolved of liability for the section 6662(a) penalties because they relied on the representations of their return preparer.

The Court is satisfied that petitioners knew that the amounts deducted on their tax returns for charitable contributions and employee business expenses were false. They even asked their return preparer whether they needed documentation to substantiate the amounts deducted, which indicates to the Court that petitioners had reason to doubt whether they could deduct such amounts.

Section 6662(a) provides for an accuracy-related penalty equal to 20 percent of any portion of an underpayment of tax required to be shown on the return that is attributable to the taxpayer's negligence or disregard of rules or regulations. Sec. 6662(a) and (b)(1). Negligence consists of any failure to make a reasonable attempt to comply with the provisions of the Internal

Revenue Code and disregard consists of any careless, reckless, or intentional disregard. Sec. 6662(c). The courts have refined the Code definition of negligence as a lack of due care or failure to do what a reasonable and prudent person would do under similar circumstances. Allen v. Commissioner, 925 F.2d 348, 353 (9th Cir. 1991), affg. 92 T.C. 1 (1989). Section 1.6662-3(b)(1), Income Tax Regs., provides that "Negligence is strongly indicated where * * * a taxpayer fails to make a reasonable attempt to ascertain the correctness of a deduction * * * on a return which would seem to a reasonable and prudent person to be 'too good to be true' under the circumstances".

An exception applies when the taxpayer demonstrates (1) there was reasonable cause for the underpayment, and (2) the taxpayer acted in good faith with respect to the underpayment. Sec. 6664(c). Whether the taxpayer acted with reasonable cause and in good faith is determined by the relevant facts and circumstances. The most important factor is the extent of the taxpayer's effort to assess the proper tax liability. Stubblefield v. Commissioner, T.C. Memo. 1996-537; sec. 1.6664-4(b)(1), Income Tax Regs. Under section 1.6664-4(b)(1), Income Tax Regs., "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of all of the facts and circumstances, including the experience, knowledge, and education of the

taxpayer."  Moreover, a taxpayer is generally charged with knowledge of the law.  Niedringhaus v. Commissioner, 99 T.C. 202, 222 (1992).  Although a taxpayer is not subject to the addition to tax for negligence where the taxpayer makes honest mistakes in complex matters, the taxpayer must take reasonable steps to determine the law and to comply with it.  Id.

Under certain circumstances, a taxpayer may avoid the accuracy-related penalty for negligence where the taxpayer reasonably relied on the advice of a competent professional. Sec. 1.6664-4(b)(1), Income Tax Regs.; see sec. 6664(c); Freytag v. Commissioner, 89 T.C. 849, 888 (1987), affd. 904 F.2d 1011 (5th Cir. 1990), affd. 501 U.S. 868 (1991).  However, reliance on a professional adviser, standing alone, is not an absolute defense to negligence; it is only one factor to be considered. In order for reliance on a professional adviser to relieve a taxpayer from the negligence penalty, the taxpayer must establish that the professional adviser on whom he or she relied had the expertise and knowledge of the relevant facts to provide informed advice on the subject matter.  Freytag v. Commissioner, supra at 888.

Petitioners made no effort to ascertain the professional background and qualifications of their return preparer.  They knew that the items at issue were false and expressed their reservations to Mr. Beltran.  The answers he gave them should

have raised other questions. Petitioners clearly did not make a reasonable effort to determine whether the representations of Mr. Beltran were correct. They did not consult other tax professionals to verify the accuracy of the returns prepared by Mr. Beltran or the representations he made to them regarding their deductions. The Court is satisfied from the record that Mr. Beltran knew, or had reason to know, all the relevant facts upon which, had he been a qualified professional, he could have accurately advised petitioners on the amount of their allowable deductions. Mr. Beltran listed unrealistic amounts as deductions on petitioners' returns. The Court is further satisfied that petitioners knew they were required under the law to substantiate deductions claimed on their returns. The questions they raised with Mr. Beltran and the answers he gave them should have prompted them to look beyond and ascertain the accuracy of his representations. Petitioners, therefore, made no effort to assess their tax liabilities correctly. On this record, the Court sustains respondent on the section 6662(a) accuracy-related penalties for the years in question.

Section 6673(a) authorizes the Court to require a taxpayer to pay to the United States a penalty not exceeding $25,000 when, in the Court's judgment, proceedings have been instituted or maintained by the taxpayer primarily for delay or where the taxpayer's position in the proceeding is frivolous or groundless.

The Court considers petitioners' claim that they should not be liable for the deficiencies and penalties to be frivolous and groundless. Petitioners knew, or should have known, that a substantial portion of the itemized deductions at issue was false and could not be sustained. Petitioners knew that they could deduct only amounts that they had actually paid. They made no attempt to determine the qualifications of their return preparer and, moreover, did not seek other professional advice to satisfy the concerns they had over the returns prepared by Mr. Beltran. Petitioners cited no legal authority to the Court that, under similar facts, would exonerate them from the penalties under section 6662(a).

The function of this Court is to provide a forum to decide issues relating to liability for Federal taxes. Any reasonable and prudent person, under the facts presented to the Court, should have known that petitioners' claimed deductions could not have been sustained, and petitioners knew that. This Court does not and should not countenance the use of this Court as a vehicle for disgruntled litigants to proclaim the wrongdoing of another, his return preparer, as a basis for relief from penalties that were determined by respondent on facts that clearly are not sustainable. Golub v. Commissioner, T.C. Memo. 1999-288. Petitioners, therefore, have interfered with the Court's function to the detriment of other parties having cases with legitimate

issues for the Court to consider.  Petitioners have caused needless expense and wasted resources, not only for the Court, but for its personnel, respondent, and respondent's counsel. Under these circumstances, the penalty under section 6673 is warranted, and petitioners will be ordered to pay a penalty of $500 to the United States under section 6673(a).

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered for respondent.